Connolly, J.
BACKGROUND
This action arises from a dispute over the ownership of $21 million in winnings from the “Mass Millions” Lottery. The plaintiff, Narbeh Havan-Oroomieh (“Havan”) and the defendant, Paraskeve Kantges (“Kantges”) claim to be the rightful owner of the lottery winnings.[2] On February 23, 1998, Havan commenced this action for declaratory relief seeking judicial determination of the owner of the lottery winnings. On February 25, 1998, the Commission commenced administrative proceedings when it conducted a hearing in which Kantges and Havan attended and gave testimony. Subsequent to this hearing, on March 4, 1998, Samuel M. DePhillippo, Executive Director of the Commission, concluded that Kantges was the lottery winner. Havan appealed this decision on April 3, 1998 and he requested an adjudicatory hearing. With regard to the Commission’s hearing, these points are far from clear: how the Commission intends to conduct the hearing: the nature of the hearing: the date of the hearing; and the function of the presiding Judge.[3] None of the parties could point to Commission regu *518 lations that provide procedures for a hearing. With the assent of the Commission and Joseph D. Malone, Kantges has filed a motion to stay proceedings pending the exhaustion of administrative proceedings before the Commission.
DISCUSSION
Kantges argues that this Court should stay this action because the Commission’s Enabling Act (G.L.c. 10, §24) and Commission regulations allow the Commission to render an administrative determination as to the ownership of the lottery winnings. Until the parties have exhausted their administrative remedies, Kantges argues, the present action is premature. Havan, however, contends that the Commission does not have jurisdiction to decide the dispute. Given that the legal question of the Commission’s jurisdiction is not before the Court, the Court need not and will not reach it. The only issue before the Court is whether the Court should allow Ms. Kantges’ motion to stay proceedings in this case.
A motion to stay proceedings is a matter within the sound discretion of the Court. Travenol Lab., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985). In making its discretionary determination, the Court must balance the hardship of a stay to all the parties. The Court issued its tracking order in this action on March 2, 1998. Pursuant to the tracking order, the plaintiff commenced discovery by requesting documents from the Commission. Havan states that he intends to conduct limited discovery — some minor document production and depositions of a few witnesses including Ms. Kantges.[4] Kantges, however, characterizes Havan’s proposed discovery as “extensive.” Kantges apparently argues that the discovery would cause Kantges undue hardship by placing an “additional and unnecessary burden on Ms. Kantges, a seventy-two (72) year old woman.” The Court concludes that Havan’s proposed discovery is limited and necessary and does not place an undue burden on Ms. Kantges.
Other factors weigh in favor of the Court denying the motion for a stay. First, the' plaintiff raises a genuine legal issue as to whether the Commission has the statutory authorization to conduct an adjudicatory hearing regarding ownership of the $21 million in lottery winnings. There would be no need for a stay of this proceeding, for instance, if a court determines that the Commission did not have authority to conduct this type of hearing. Second, the parties agree that the policies and procedures governing an adjudicatory hearing before the Commission are unclear. It would be premature for this Court to stay this proceeding when, at the time of the hearing, the specific nature and function of the Commission’s administrative proceeding remains irresolute.
ORDER
For the foregoing reasons, the defendant’s motion for a stay of proceedings is DENIED.

 On March 27, 1998, the Commission notified a third claimant to the winnings, Sonya Bardakjian, that the Commission would not honor her claim for a prize.

 By reading a Commission press release the parties became informed that Chairman Malone appointed Retired Chief Justice of the Superior Court, Robert Steadman, as the presiding judge at the hearing. The parties, however, did not receive notice of this fact from the Commission.

 Havan’s counsel indicated that he would be prepared to try the case in 20 days assuming discovery can commence forthwith.